█ RALPH E. LEWIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47272.) — HERLIHY, P. J. Appeal by the State from a judgment of the Court of Claims, entered January 28, 1969, awarding damages of $11,800 to the claimant as damages for a highway appropriation. (See *Caron* v. *State of New York*, 33 A D 2d 626, handed down herewith.) Prior to the appropriation the claimant owned property along Route 11 having a highest and best use as a horse and/or dairy farm. The appropriation affected areas along the frontage on Route 11. The claimant had, prior to the appropriation, sold a portion of the frontage which abutted on an interchange with Highway 87 (Northway) for a commercial use as a gas station. The claimant had also sold a building lot out of a portion of the frontage. Upon the present record the court properly found that prior to the appropriation various portions of the frontage had an enhanced value for commercial purposes and residential development. It also appears that located in this frontage was a house which the claimant rented for residential purposes. It is further established that as a result of the appropriation there was substantial damage because of a change of grade in Route 11 which left the claimant's property at a considerable depth lower than Route 11 as reconstructed. As noted by the trial court, the rental property was substantially damaged as a result of the lessening of its setback from the highway, the lack of suitable access after the appropriation, and the general loss of market attractiveness because of the location of the high bank of the highway so close to the front of the house. The State's contentions as to the lack of evidence to support the finding that the highway frontage had an enhanced value for residential development and commercial purposes are entirely without merit. However, the State correctly contends that the damage award was not merely for the destruction of a potential residential value and commercial value on the frontage land. The court did not list before and after values as to the differing elements of damage and, accordingly, a proper review of the award cannot be had in this court. (See *Conklin* v. *State of New York*, 22 A D 2d 481.) The present record appears to contain sufficient evidence of values as to the various elements of damage and, accordingly, "we need remand only to enable the Trial Judge to formulate adequate findings." (*Conklin* v. *State of New York*, *supra*, p. 485.) Determination of appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent with the memorandum herein. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court the case will be restored to the calendar. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.